

IN THE SUPERIOR COURT OF GWINNETT COUNTY

STATE OF GEORGIA

MORRIS, SCHNEIDER, PRIOR,      )
JOHNSON & FREEDMAN, LLC,       )
                               )
    Plaintiff,             )
                               )      CIVIL ACTION FILE
vs.                            )
                               )      NO. _____
OCWEN LOAN SERVICING, LLC,     )
                               )
    Defendant.             )

### SUMMONS

TO:  THE ABOVE NAMED DEFENDANT:

    You are hereby summoned and required to file with the Clerk of said Court and serve upon the Plaintiff's attorney, whose name and address is:

        Kyle S. Kotake
        Morris, Schneider, Prior,
        Johnson & Freedman, LLC
        1587 N.E. Expressway
        Atlanta, Georgia  30329

an answer to the complaint which is herewith served upon you, within thirty (30) days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

    This ___11___ day of ___Jan___ , 2008.

                    CLERK OF SUPERIOR COURT

            By: _____
                  (DEPUTY) CLERK

234567\A4556055

Exhibit 1

CLERK SUPERIOR COURT
GWINNETT COUNTY, GA

IN THE SUPERIOR COURT OF GWINNETT COUNTY

STATE OF GEORGIA   2008 JAN 11  AM 11: 24

TOM LAWLER. CLERK

MORRIS, SCHNEIDER, PRIOR,    )
JOHNSON & FREEDMAN, LLC,     )
                             )
     Plaintiff,              )
                             )   CIVIL ACTION FILE
vs.                          )
                             )   NO. _____
OCWEN LOAN SERVICING, LLC,   )
                             )
     Defendant.              )

## COMPLAINT FOR BREACH OF CONTRACT, INTERPLEADER, UNJUST ENRICHMENT, QUANTUM MERUIT AND ATTORNEYS' FEES

COMES NOW Morris, Schneider, Prior, Johnson & Freedman, LLC ("MSPJF"), f/k/a Morris, Schneider & Prior, L.L.C., Plaintiff in the above-styled civil action, and hereby files its Complaint (the "Complaint") and respectfully shows this honorable Court the following:

1.

Ocwen Loan Servicing, LLC ("Defendant Ocwen"), Defendant in the above-styled civil action, is a foreign corporation doing business in the State of Georgia and may be served with process by service on its Registered Agent, Corporation Service Company, 40 Technology Parkway South, # 300, Norcross, Georgia 30092.

2.

Jurisdiction is appropriate, venue is proper and the Defendant is subject to the jurisdiction of this Court.

3.

Defendant Ocwen retained Plaintiff MSPJF (f/k/a Morris, Schneider & Prior, L.L.C.") as legal counsel to perform a variety of legal work, including but not limited to representing it in foreclosure, bankruptcy and litigation matters over the course of several years (the "Contracts").

4.

Plaintiff MSPJF fully performed the legal work required under the Contracts, resulting in resolution and disposition of the above-referenced various legal matters.

5.

The Defendant expressly or impliedly consented to the legal work performed by Plaintiff MSPJF under the Contracts.

6.

Throughout the duration of the various legal matters, the Defendant authorized, consented to, accepted and ratified the work performed by Plaintiff MSPJF under the Contracts.

7.

Plaintiff MSPJF forwarded invoices for the work performed to Defendant, but the Defendant has failed and/or refused to pay Plaintiff MSPJF for the legal work performed by Plaintiff MSPJF on behalf of the Defendant.

8.

To date, the Defendant has knowingly incurred legal fees and costs that are due and owing to Plaintiff MSPJF for legal work

performed in the amount of $69,403.11.

9.

On or about June 7, 2006, Plaintiff MSPJF received a check in the amount of $47,000.00 (the "Settlement Funds") as settlement of a legal matter in which Plaintiff MSPJF represented the Defendant, Case No. 2005CV103516 in the Superior Court of Fulton County, Georgia, *Ocwen Federal Bank, FSB vs. The Estate of Robert Joel Edwards, et al.* (the "Estate Case").

10.

The Defendant incurred approximately $13,000.00 in costs during the pendency of the Estate Case, which it refused to pay.

11.

Subsequent to the Defendant's refusal to pay the costs incurred during the pendency of the Estate Case, Plaintiff MSPJF deposited the Settlement Funds into its IOLTA account and informed the Defendant that it intended to employ the check as a set-off against the outstanding legal fees and costs owed to Plaintiff MSPJF by the Defendant, unless the Defendant resolved the issue of the outstanding fees and costs.

12.

The Defendant continues to refuse to pay the costs incurred in the Estate Case, continues to refuse to resolve the issue of the outstanding fees and costs owed to Plaintiff MSPJF, and continues to claim and demand the Settlement Funds.

13.

The outstanding fees and costs owed to Plaintiff MSPJF by the Defendants is set forth in the spreadsheet attached hereto as Exhibit "A" and incorporated herein by reference.

## COUNT I
## BREACH OF CONTRACT

14.

All statements and allegations contained in Paragraphs 1 through 13 of this Complaint are hereby incorporated into this Count by reference.

15.

The Contracts provide that Plaintiff will provided that Plaintiff was retained as legal counsel and was to be compensated for the work performed.

16.

Plaintiff MSPJF fully performed the legal work required under the Contracts.

17.

The Defendant's refusal to pay the indebtedness due Plaintiff MSPJF for work performed under the Contracts constitutes a breach of the Contracts by the Defendant.

18.

As a result of Defendant's breach, Plaintiff has been damaged in the amount shown by Exhibit "A" attached hereto.

19.

Plaintiff MSPJF is entitled to a judgment against the

Defendant in the amount of $69,403.11, the total of the outstanding invoices, plus interest and all other charges allowable under Georgia law through the date of judgment.

## COUNT II
## INTERPLEADER

20.

All statements and allegations contained in Paragraphs 1 through 19 of this Complaint are hereby incorporated into this Count by reference.

21.

Plaintiff MSPJF seeks to interplead the Settlement Funds.

22.

Plaintiff MSPJF seeks to interplead the disputed Settlement Funds as provided for in Georgia Rule of Professional Conduct, 1.15(I)(c), as follows:

> When in the course of representation a lawyer is in possession of property in which both the lawyer and another person claim interests, the property shall be kept separate by the lawyer until there is an accounting and severance of their interests. If a dispute arises concerning their respective interests, the portion in dispute shall be kept separate by the lawyer until the dispute is resolved.

Additionally, Comment [2] of the Model Rule states:

> Lawyers often receive funds from third parties from which the lawyer's fee will be paid. If there is risk that the client may divert the funds without paying the fee, the lawyer is not required to remit the portion from which the fee is to be paid. However, a lawyer may not hold funds to coerce a client into accepting the lawyer's contention. The disputed portion of the funds should be kept

> in trust and the lawyer should suggest means
> for prompt resolution of the dispute, such as
> arbitration or interpleader. The undisputed
> portion of the funds shall be promptly
> distributed.

23.

Plaintiff MSPJF further seeks to interplead the disputed

Settlement Funds pursuant to the Georgia Supreme Court Formal

Advisory Opinion, 94-2, issued September 9, 1994, which provides in

pertinent part:

> In those cases where it is not possible to
> ascertain who is entitled to disputed funds
> held by the lawyer, the lawyer may hold such
> disputed funds in the lawyer's trust account
> for a reasonable period of time while
> endeavoring to resolve the dispute. If a
> resolution cannot be reached, it would be
> appropriate for a lawyer to interplead such
> disputed funds into a court of competent
> jurisdiction.

24.

Currently, the amount in controversy is at least the amount of

the Settlement Funds, or $47,000.00, which Settlement Funds are

currently in Plaintiff MSPJF's trust account.

25.

MSPJF is entitled to the Settlement Funds, to be applied as a

set-off against the total amount of the legal fees and costs owed by

the Defendant to Plaintiff MSPJF in the amount of $69,403.11,  for

which Plaintiff MSPJF also seeks recovery.

26.

Plaintiff MSPJF and the Defendant both claim entitlement to the Settlement Funds and Plaintiff MSPJF is not in collusion with any other party claiming entitlement to the Settlement Funds.

27.

Plaintiff MSPJF is entitled to deposit the Settlement Funds into the Court's Registry and to be absolved from all responsibility with respect to the payment of the Settlement Funds to itself or to the Defendant.

28.

Plaintiff MSPJF is entitled to disbursement of the Settlement Funds by the Court to the appropriate party or parties.

29.

Plaintiff MSPJF seeks an order permitting it to deposit the Settlement Funds into the Court's Registry.

## COUNT THREE
## UNJUST ENRICHMENT

30.

All statements and allegations contained in Paragraphs 1 through 29 of this Complaint are hereby incorporated into this Count by reference.

31.

The Defendant knew of, authorized, received, accepted and ratified the benefits conferred upon them by the legal work performed by Plaintiff MSPJF.

-7-

32.

It would be unjust and inequitable to permit the Defendant to retain the benefits of the legal work performed without payment to Plaintiff MSPJF.

33.

Plaintiff MSPJF is entitled to a judgment against the Defendant in the amount of $69,403.11, the total of the outstanding invoices, plus interest and all other charges allowable under Georgia law through the date of judgment.

## COUNT FOUR
## QUANTUM MERUIT

34.

All statements and allegations contained in Paragraphs 1 through 33 of this Complaint are hereby incorporated into this Count by reference.

35.

Plaintiff MSPJF performed legal work on behalf of the Defendant from which the Defendant benefited.

36.

Plaintiff MSPJF is entitled to a *quantum meruit* recovery for the work performed, from which the Defendant has benefited and for which payment has not been tendered.

37.

Plaintiff MSPJF is entitled to a judgment against the Defendant in the amount of $69,403.11, the total of the outstanding invoices, plus interest and all other charges allowable under

Georgia law through the date of judgment.

## COUNT FIVE
## ATTORNEY'S FEES AND COSTS

38.

All statements and allegations contained in Paragraphs 1 through 37 of this Complaint are hereby incorporated into this Count by reference.

39.

The Defendant has continuously refused to pay Plaintiff MSPJF for work performed at its request and for its benefit, despite repeated requests for payment by Plaintiff MSPJF.

40.

The Defendant has been stubbornly litigious and has caused unnecessary trouble and expense for Plaintiff MSPJF in that Plaintiff MSPJF has to pursue a claim for payment of the sums due and owing for work performed by Plaintiff MSPJF on behalf of the Defendant and for its benefit.

41.

Accordingly, Plaintiff MSPJF is entitled to an award of attorney's fees and costs against the Defendant.

WHEREFORE, Plaintiff MSPJF prays for the following:

(a) That the Court enter an order allowing Plaintiff MSPJF to interplead the Settlement Funds and deposit the Settlement Funds into the Court's Registry;

(b) That the Court enter an order awarding the Settlement Funds to Plaintiff MSPJF, to be applied as a set-off against

-9-

$69,403.11, the amount owed by the Defendant to Plaintiff MSPJF for work performed under the Contracts;

(c)    That the Court enter judgment in favor of Plaintiff MSPJF and against the Defendant in the amount of $69,403.11, the balance owed by the Defendant to the Plaintiff after application of the amount of the Settlement Funds to the outstanding debt;

(d)    That the Court enter judgment in favor of Plaintiff MSPJF and against the Defendant for the recovery of Plaintiff MSPJF's attorneys' fees and costs incurred in its prosecution of this action; and

(e)    That the Court award Plaintiff MSPJF such other and further relief as it deems just and proper.

This 9th day of January, 2008.

MORRIS, SCHNEIDER, PRIOR, JOHNSON & FREEDMAN, LLC

By: _____
Larry W. Johnson
Georgia Bar No. 394895
Attorney for Plaintiff
(678) 298-9800

By: _____
Kyle S. Kotake
Georgia Bar No. 428697
Attorney for Plaintiff
(678) 298-8863

1587 N.E. Expressway
Atlanta, Georgia   30329
(770) 234-9181
234567\A4555383